# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF NEW YORK
## CHAMBERS OF THE BANKRUPTCY JUDGE

**HON. STEPHEN D. GERLING**
**CHIEF U.S. BANKRUPTCY JUDGE**

220 U.S. COURTHOUSE
UTICA, NEW YORK 13501
(315) 793-8111
FAX: 793-8792

Gustave J. DeTraglia III, Esq.
Attorney for Debtor
1425 Genesee Street
Utica, New York 13501

David G. Goldbas, Esq.
Local Counsel for Attorney for Debtor
258 Genesee Street
Suite 205
Utica, New York 13502

Randy J. Schaal, Esq.
Chapter 7 Trustee
P.O. Box 10
100 W. Seneca Street
Sherrill, New York 13461-0010

In Re: Anthony Joseph Scalise
       Case No.  08-61739

**LETTER DECISION AND ORDER**

Section 521(a)(1)(B)(iv) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") requires that: "[t]he debtor shall file, unless the court orders otherwise, copies of all payment advices or other evidence of payment received within 60 days before the date of filing of the petition, by the debtor from any employer of the debtor . . ."  11 U.S.C. § 521(a)(1)(B)(iv). The Debtor filed a voluntary petition pursuant to Chapter 7 of BAPCPA on July 22, 2008. On that same date, he filed a statement indicating that he had attached Payment Advices, as required by § 521(a)(1)(B)(iv) of BAPCPA. On July 23, 2008, Debtor's attorney received an electronic Notice

of Deficiency from the Court indicating, "[t]he PDF contains unreadable or blank pages. There is no PDF for Payment Advices." On July 24, 2008, Debtor's attorney electronically filed Payment Advices for the following periods: 05/08/08 to 05/21/08, 05/22/08 to 06/04/08, 06/05/08 to 06/18/08, 06/19/08 to 07/02/08.

On September 18, 2008, the Chapter 7 Trustee sent a letter to the Clerk of this Court regarding the Debtor, advising that "not all pay stubs have been filed for the previous 60 days to the date of filing." The Trustee's letter went on to state "[t]hat more than 46 days have gone by and therefore the case should be dismissed." While not referencing a specific statute, it appears that the Trustee was referring to BAPCPA § 521(i)(1) which provides in pertinent part, "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the filing of the petition, the case shall be automatically dismissed on the 46th day after the date of the filing of the petition." Presumably in response to the Trustee's letter, the Debtor's attorney on October 2, 2008 filed Debtor's pay stub for the period 07/17/08 to 07/30/08.

Rather than "automatically" dismiss the Debtor's case, as requested by the Trustee and arguably mandated by § 521(i) of BAPCPA, this Court issued an Order to Show Cause, dated October 15, 2008, requiring the Debtor to appear before the Court on October 28, 2008 and show cause why his case should not be dismissed. On October 17, 2008, the Debtor's attorney filed a Reply Affirmation in which he asserts that as of the date of filing the Debtor did not have his pay stub for the period covering the date of filing. He argues that the Debtor had the same income for each of the periods reflected in the pay stubs and that the "missing" pay stub was filed with the court "upon notification that it was missing." *See* the undated Reply Affirmation of Gustave J. DeTraglia

3

III, Esq., at ¶ 8. Attorney DeTraglia also argues that no creditor or party in interest has been prejudiced by the lack of this one payment advice.[1] He contends that conversely the Debtor will be greatly prejudiced as dismissal of the case will result in his being held liable on certain debts that were incurred by his ex-wife in his name before the parties were divorced. It is also asserted by Debtor's attorney that he has made a good faith attempt to comply with the statute and the failure to file the one pay stub was simply an oversight. Finally, the Debtor argues that a refiling by him would simply result in "great expense to the Court" and his creditors would be inconvenienced by having to "perform all of the tasks that they have already performed for the first filing." *See id.* at ¶¶ 14 and 15. At the hearing on the motion, the Trustee simply noted that he "warned" Debtor that he was not getting all of the documentation he needed.

The Court notes that while BAPCPA § 521(i) appears somewhat harsh in its application, it does provide at least two so-called "safety valves," neither of which have been availed of here. The first is found in BAPCPA § 521(i)(3), which permits the debtor to request an extension of the 45 day period for filing all necessary documents in compliance with subsection (a).The second may only be initiated by motion of the case trustee, and in that instance, the court may decline to dismiss the case where it finds that the debtor acted in good faith in an effort to file all of the required payment advices, and the best interest of creditors would be served by the administration of the case. *See* BAPCPA § 521(i)(4).

The Debtor here appears to have made a reasonable effort to generally comply with BAPCPA § 521(a)(1)(B)(iv), and as his attorney suggests, one of his payment advices was

---

[1] The Court notes that the Debtor has not filed a pay stub for the period 07/03/08 to 07/16/08 and has not provided any explanation for this apparently missing pay stub.

4

representative of all of his payment advices throughout the 60 day pre-filing period. Unfortunately for this Debtor, however, the statutory provision does not permit judicial discretion. *See In re Bonner*, 374 B.R. 62 (Bankr. W.D.N.Y. 2007); *In re Landers*, Case No. 06-22265, 2006 WL 4862340 (Bankr. D. Utah Sept. 11, 2006).[2] While dismissal of this case may seem to be a harsh result, it is one that is mandated by the statute.

Accordingly, Debtor's Chapter 7 case is dismissed pursuant to BAPCPA § 521(i), effective September 5, 2008, for Debtor's failure to comply with BAPCPA § 521(a)(1)(B)(iv).

IT IS SO ORDERED.

Dated at Utica, New York

this 30th day of October, 2008

/s/   Hon. Stephen D. Gerling
STEPHEN D. GERLING
Chief U.S. Bankruptcy Judge

---

[2] The bankruptcy court in *In re Luders*, 356 B.R. 671 (Bankr. W.D.Va. 2006) concluded that where the payment advice submitted for the pay period immediately preceding the filing of the case contained year to date payroll information, the debtor's failure to supply statements for specific pre-petition periods would be overlooked because the statement containing the year-to-date totals constituted "other evidence of payment" as required by BAPCPA § 521(a)(1)(B)(iv). In this case, Debtor's pay stub for the period 07/17/08 to 07/30/08, in fact, contained year-to-date payroll information; however, it was not filed until 10/02/08, some 70 plus days post filing. In his Reply Affirmation, Debtor contends that, "That at the time of filing, the debtor had yet to receive a pay stub covering the date of filing." However, there is no assertion that within the subsequent 45 day period he was unable to obtain and file the pay stub for the period 07/17/08 to 07/30/08. *See also In re Miller*, 383 B.R. 767 (10th Cir. BAP 2008).